ORIGINAL

# In The United States Court of Federal Claims

No. 15-186C
(Filed:  June 30, 2015)

**FILED**

NOT FOR PUBLICATION

JUN 3 0 2015

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ) | |
| MOHAMMED AHMED HASSAN OMRAN, ) | |
| ) | |
| Plaintiff, ) | Pro Se Complaint; Rule 12(b)(1) |
| ) | Motion to Dismiss; Transfer; |
| v. ) | 28 U.S.C. § 1631 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Mohammed Ahmed Hassan Omran, Natchitoches, La., pro se.

Robert C. Bigler, with whom were Benjamin C. Mizer, Principal Deputy Assistant
Attorney General, Robert E. Kirschman, Jr., Director, and Donald E. Kinner, Assistant
Director, Commercial Litigation Branch, Civil Division, United States Department of
Justice, Washington, D.C., for defendant.

## OPINION and ORDER

CAMPBELL-SMITH, Chief Judge

Pro se plaintiff, Mohammed Ahmed Hassan Abdallah Omran, filed a complaint in
this court on February 26, 2015, raising claims under the Federal Tort Claims Act, the
Civil Rights Act, and the United States Constitution relating to his arrest, trial, and
conviction for immigration offenses.  Compl. at 1–2, Feb. 26, 2015, ECF No. 1.

On August 30, 2012, Mr. Omran was arrested in New Hampshire for falsely
claiming U.S. citizenship in violation of 18 U.S.C. § 911.  See id. at 1.  On September
5, 2012, Mr. Omran was indicted on charges that he "falsely and willfully represented
himself to be a citizen of the United States on an Employment Eligibility Verification
Form" in violation of 18 U.S.C. § 911.  Indictment, United States v. Abdallah, No. 12-
00117 (D.N.H. Sept. 5, 2012), ECF No. 1.  Mr. Omran states that on September 24,
2012, Immigration and Customs Enforcement officers investigating this offense

conducted an illegal search and seizure at his home in violation of the Fourth Amendment.   Compl. at 1.   Plaintiff also states that the lawyer appointed by the court to represent him violated his right to effective assistance of counsel by filing, over his objections, a motion to dismiss his case.   Id. at 2.

On February 27, 2014, Mr. Omran was indicted on two counts of failing to depart the United States after being issued an order of removal, in violation of 8 U.S.C. § 1253(a)(1)(C).   Indictment, United States v. Omran, No. 14-00035 (W.D. La. Feb. 27, 2014), ECF No. 1.   He was tried in the United States District Court for the Western District of Louisiana.   Mr. Omran alleges that he was prohibited from calling witnesses on his own behalf during his trial, in violation of his Sixth Amendment rights.   Pl. Resp. 1–2, May 11, 2015, ECF No. 8.[1]   On May 12, 2015, Mr. Omran was found guilty on both counts and was sentenced to imprisonment for six months.   Judgment, United States v. Omran, No. 14-00035 (W.D. La. May 12, 2015), ECF No. 116.   On May 18, 2015, Mr. Omran filed a notice of appeal.   Plaintiff claims that throughout these events, the government violated his rights related to "unreasonable search and seizure, due process, effective assistance of counsel, equal protection of the law, and right to property."   Compl. at 2.

On April 27, 2015, defendant filed a motion to dismiss plaintiff's claims for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims (RCFC).   ECF No. 7.   Also before the court are plaintiff's motion for leave to proceed in forma pauperis, motion for trial by jury, and motion for the appointment of counsel.   ECF Nos. 5, 6, 12.

The court **GRANTS** plaintiff's motion to proceed in forma pauperis for the limited purpose of addressing this court's jurisdiction.   For the reasons explained below, the court finds it lacks jurisdiction over plaintiff's complaint.   The court also finds it is not in the interest of justice to transfer plaintiff's complaint to a federal district court in which the complaint could have been brought.   Accordingly, defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1).   Plaintiff's motion for trial by jury and motion for the appointment of counsel are **DENIED**.

---

[1]   Plaintiff did not allege these facts in his complaint but raised them for the first time in his response to defendant's motion to dismiss.   The court acknowledges that this claim was not properly included in a pleading.   See RCFC 7(a).   However, because plaintiff is proceeding pro se and his pleadings are to be construed liberally, the court has chosen to address this claim.

I.      Legal Standards

    A.      Subject-Matter Jurisdiction

In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (internal quotation marks omitted). Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, pro se plaintiffs must meet jurisdictional requirements. Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014); Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act grants this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is jurisdictional and does not create, by itself, any substantive right to recovery against the United States. United States v. Mitchell, 463 U.S. 206, 216 (1983); United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff in this court must rest his or her claim on a money-mandating provision of law that confers a substantive right enforceable against the federal government for money damages. See Testan, 424 U.S. at 398.

    B.      Transfer Under 28 U.S.C. § 1631

Should this court determines that it lacks jurisdiction over a plaintiff's claims, it must transfer the case to a court where the action could have been brought if the transfer "is in the interest of justice." 28 U.S.C. § 1631 (2012); see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1375 (Fed. Cir. 2005) (stating that the trial court may order transfer sua sponte). According to the Federal Circuit, "[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). Frivolous claims include "those whose disposition is obvious." Id.

In deciding whether transfer is in the interest of justice, this court considers whether any of plaintiff's claims would be decided on the merits in federal district court.

II.     Discussion

    A.      The Court Lacks Jurisdiction Over Plaintiff's Claims

For the reasons that follow, the court finds that it lacks jurisdiction over plaintiff's numerous claims.  First, Mr. Omran alleges that U.S. Immigration and Customs Enforcement officers unlawfully searched his home and seized his possessions, in violation of the Fourth Amendment.  "[F]or this Court to have jurisdiction over constitutional . . . claims, the claims must be money mandating." Tasby v. United States, 91 Fed. Cl. 344, 346 (2010) (citing Mitchell, 463 U.S. at 216, 218).  The Fourth Amendment, however, does not mandate the payment of money.  Brown v. United States, 105 F.3d 621, 623–24 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation.").  Therefore, this court cannot hear plaintiff's Fourth Amendment claims.

Plaintiff's other constitutional claims similarly fall outside of this court's jurisdiction.  Fifth Amendment due process claims, and Fourteenth Amendment due process and equal protection claims do not mandate the payment of money damages and thus cannot furnish a basis for jurisdiction.  Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).  Nor is plaintiff's Sixth Amendment ineffective assistance of counsel claim money mandating; thus, it cannot be raised in this court.  Turpin v. United States, 119 Fed. Cl. 704, 707 (2015); Smith v. United States, 51 Fed. Cl. 36, 38 (2001), aff'd, 36 F. App'x 444 (Fed. Cir. 2002).

Mr. Omran also invokes the Civil Rights Act and asserts that he is bringing a "civil rights action."  However, this court lacks jurisdiction over federal civil rights claims.  See McCauley v. United States, 38 Fed. Cl. 250, 265 (1997), aff'd, 152 F.3d 948 (Fed. Cir. 1998) ("It is well settled that this court does not have jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1983.").

Plaintiff further alleges that he was wrongfully convicted.  While under certain circumstances this court has jurisdiction to hear a claim for money damages for unjust conviction, 28 U.S.C. § 1495, such jurisdiction is dependent on the challenged conviction first having been reversed, set aside, or overturned after a new trial or hearing, or the prisoner having received a pardon, 28 U.S.C. § 2513(a)(1); Beadles v. United States, 115 Fed. Cl. 242, 245 (2014); Sharpe v. United States, 112 Fed. Cl. 468, 477 (2013).  Mr. Omran does not allege that his conviction has been reversed, set aside, or overturned and provides no indication that he has been granted a pardon.  Therefore, Mr. Omran fails to meet the bar set by 28 U.S.C. §§ 1495 and 2513, and this court does not have jurisdiction to consider his wrongful conviction claim.

Plaintiff also invokes the Federal Tort Claims Act (FTCA) as grounds for his complaint, although the contours of his tort claim are unclear.   The United States district courts have exclusive jurisdiction over FTCA cases.   Bowling v. United States, 93 Fed. Cl. 551, 557 (2010); see 28 U.S.C. § 1346(b)(1).   Additionally, the Tucker Act makes clear that this court does not have jurisdiction over tort claims against the government. 28 U.S.C. § 1491(a)(1) (stating that this court "shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort" (emphasis added)); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993).   Therefore, to the extent plaintiff raises any tort claims, the court lacks jurisdiction.

Plaintiff's motions for trial by jury and the appointment of counsel are both denied.   Because the court lacks jurisdiction over plaintiff's claims, there is no need for counsel or a trial in this case.   Moreover, "there is no right to a jury trial in this court and this court does not conduct trials by jury."   Ramos v. United States, 112 Fed. Cl. 79, 83 n.3 (2013) (citing Webster v. United States, 74 Fed. Cl. 439, 444 (2006)).

B.     Transfer Is Not in the Interest of Justice

Mr. Omran raises claims relating to two arrests:   one in New Hampshire and one in Louisiana.   The court will first address plaintiff's claims arising out of the New Hampshire arrest.   If Mr. Omran filed a claim in federal court in New Hampshire, it would be bound by the precedent of the First Circuit Court of Appeals.

The First Circuit has held that res judicata, otherwise known as claim preclusion, "applies if (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."   Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

On November 10, 2014, Mr. Omran filed a complaint in the United States District Court for the District of New Hampshire alleging many of the same claims he presents in this court.   Compl., Omran v. United States, No. 14-505 (D.N.H. Nov. 10, 2014).[2]   In

---

[2]     Mr. Omran also filed a substantially similar suit in the United States District Court for the District of Massachusetts on October 14, 2014.   See Compl., Omran v. United States, No. 14-13881 (D. Mass. Oct. 14, 2014), ECF No. 1.   A final decision on the merits has yet to be issued in that case, so it does not have a res judicata effect on this case.   See Omran v. United States, 2015 WL 2376314, No. 14-13881 (D. Mass. May 17, 2015).   However, the fact that Mr. Omran has had multiple suits in federal district court on similar claims strengthens the court's conclusion that transferring his complaint is not in the interest of justice.

that action, plaintiff alleged the same facts about the warrantless search and seizure and his attorney's failure to heed his wishes regarding the motion to dismiss the criminal charges against him.   Id. at 8–9.   Plaintiff asserted claims under the Fourth Amendment, the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, the Sixth Amendment, the Civil Rights Act, and the FTCA, among others.   Id. at 5, 10–11.   On February 10, 2015, the district court found that all of plaintiff's claims were either frivolous or failed to state a claim and therefore, dismissed all claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).   Omran v. United States, 2015 WL 570723, at *1, *9, No. 14-505 (D.N.H. Feb. 10, 2015).

A dismissal for failure to state a claim is a final judgment on the merits.   See Airframe Sys., 601 F.3d at 14; AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005).   Additionally, the causes of action asserted in Mr. Omran's November 10, 2014, complaint were sufficiently identical to the claims he raises in this court relating to his New Hampshire arrest.   Finally, the parties in the two suits were essentially the same. In the New Hampshire suit, Mr. Omran sued the United States as well as numerous federal and state offices and employees.   Here, Mr. Omran sues only the United States. Since Mr. Omran's claims against the United States have already been dismissed in the District of New Hampshire, res judicata would bar Mr. Omran from relitigating them in federal court.   Therefore, transfer of these claims would be futile and not in the interest of justice.

Plaintiff's wrongful conviction claim relates to his arrest and trial in the United States District Court for the Western District of Louisiana for failure to depart.   If the plaintiff brought a case in Louisiana, it would be subject to the precedent of the Fifth Circuit Court of Appeals.   In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."   Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see also Boyd v. Biggers, 31 F.3d 279, 282–83 (5th Cir. 1994).   Since plaintiff has offered no evidence that his conviction has been reversed, expunged, or otherwise declared invalid, he would be barred from raising this claim in federal district court.

Additionally, justice does not require the court to transfer plaintiff's complaint because Mr. Omran will have the opportunity to challenge his failure to depart conviction on Sixth Amendment or other grounds through the direct appeal of that conviction. Plaintiff has already filed a notice of appeal, and the case has been docketed in the Fifth Circuit.   United States v. Omran, No. 15-30461 (5th Cir. docketed May 22, 2015).

Since plaintiff's claims would not warrant a decision on the merits in federal district court, and plaintiff has had and will have other opportunities to raise these claims, transfer of this case is not in the interest of justice.

III.   Conclusion

For the reasons discussed above, the court finds that it lacks jurisdiction over plaintiff's claims.   Defendant's motion to dismiss is **GRANTED**.   Plaintiff's motion for trial by jury is **DENIED**.   Plaintiff's motion for appointment of counsel is **DENIED**.

Plaintiff's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of addressing this court's jurisdiction.   Pursuant to 28 U.S.C. § 1915(b), prisoners who are allowed to proceed in forma pauperis are still required, over time, to pay the full amount of the filing fee.   Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint.   Id. § 1915(b)(1).   Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account.   Id. § 1915(b)(2).   The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until the filing fee is paid in full.   Id.

The Clerk of the Court is directed to enter judgment for defendant.   No costs.

**IT IS SO ORDERED.**

Patricia E. Campbell-Smith
Chief Judge